PLANO MANUFACTURING COMPANY, Appellant, v. NICK
KAUTENBERGER.

Account: PARTICULAR ITEM: DEBIT OR CREDIT.    In an action for
1   a balance on an account, a settlement sheet was produced in
which an item was entered on the credit side only, for the
purpose of balancing the sheet.    As the entry thus made was
in black ink and claimed to be in fact a debit the sheet was not
conclusive evidence of its character, and a directed verdict for
the defendant was error.

Evidence: ADMISSIBILITY.    In an action on an account for a claimed
2   balance, it was competent for an agent who settled the account
to state that the defendant appeared to be satisfied with the
settlement and that all allowances to which he was entitled
were then made, but the further statement that defendant
fully understood he owed and was to pay plaintiff the balance
in question was inadmissible.

*Appeal from Keokuk District Court.*—HON. JOHN T. SCOTT
Judge.

MONDAY, OCTOBER, 12, 1903.

ACTION at law to recover an amount due on an alleged
settlement.    Directed verdict for defendant, and plaintiff
appeals.—*Reversed.*

*Brown & Willcockson* for appellant.

*Stockman & Hamilton* for appellee.

DEEMER, J.—Originally the action was to recover a
balance due on open account.    After defendant had
answered, pleading an accord and satisfaction, the
plaintiff amended its petition, claiming a balance
due on settlement amounting to $93, with interest.
To this defendant filed a general denial, and also
alleged that the $93 claimed by plaintiff represented

certain machines which had been shipped to defendant that were burned, and which amount was credited to defendant on the settlement, the balance having been paid in cash at the time of the alleged settlement. On these issues the case was tried, resulting in a directed verdict for defendant. It appears that an agent and adjuster representing plaintiff made a settlement on or about October 10, 1898, and at that time a settlement sheet was drawn up, subject to plaintiff's approval, which was signed by defendant and said agent, which showed on the credit side an item, "Machines burned, $93.00." This credit sheet has been certified for our inspection, but it is in such form that it cannot accurately be reproduced in an opinion. It is sufficient to say that this item, as it appears on the credit sheet, is as consistent with the idea that it really represents a debit, although appearing on the credit side, as that it represents an absolute credit. Had the item appeared in red ink, every bookkeeper would doubtless have said that it represented a debit, although appearing on the credit side, and that it was entered on that side for the purpose of balancing the account. From the fact that it appears in black ink, it may well be said that the credit sheet itself is ambiguous, and subject to explanation. At any rate, it does not so conclusively appear from the sheet itself that this item is a credit as to justify the trial court in directing a verdict for the defendant.

In addition to this sheet, plaintiff offered evidence to show that there was no agreement that defendant should have credit for the machines which had been burned, but, on the contrary, that defendant in fact agreed to pay for these machines; and that the item appearing on the settlement sheet for the value of these machines represented a debit. The adjuster's evidence was taken in the form of a deposition, and in answer to what was known as "Interrogatory 10," which was in the form of the usual omnibus interrogatory to "state any other fact," etc., answered as

follows: "A. Mr. Kautenberger appeared to be satisfied'
with the settlement, and fully understood that he owed
and was to pay the Plano Mfg. Co. the $93.00 in question.
He understood that fully, because in the settlement at
that date I made him all the rebates and allowances to·
which he was entitled on any kind of a plea, and more·
than he could have rightly claimed off of the Plano Mfg.·
Co. had I not felt disposed to be very lenient with him."'
Defendant moved to exclude the answer, for the reason
that it was a conclusion, and incompetent, and for the
further reason that the settlement sheet was the best evi-
dence as to the amount due. This objection was sustained.
It is manifest from what we have said that the latter part
of the objection was not good. The first part of the ob-
jection was good in part only. What defendant under-
stood was a mere conclusion of the witness, and was
inadmissible; but that defendant appeared to be satisfied
with the settlement was a fact which could be given in
evidence. The amount of the rebates given was also a
fact to which the witness could testify. The court was
in error in sustaining the objection as a whole. The mat-
ter to which we have referred should have been received
in evidence.

For the errors pointed out, the judgment is **reversed,**·
and the cause remanded for a retrial.—REVERSED.